UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT KOSCH, Jr.,

      *Petitioner*,

  v.

THE ATTORNEY GENERAL OF THE
STATE OF NEW JERSEY, et al.,

      *Respondents*.

No. 22-cv-4814 (MEF)

**OPINION and ORDER**

The Petitioner[1] was convicted following a New Jersey trial, and served his sentence.[2]  He now seeks a writ of habeas corpus under 28 U.S.C. § 2254, pressing two arguments.  Neither is persuasive, as set out below.

\*   \*   \*

The Petitioner's <u>first</u> argument: the state trial court failed to rule on his pre-trial motion to dismiss the indictment --- and as a result, a state appellate court never got the chance to consider that argument.  See Petition at 8.[3]

---

[1]   Robert Kosch, Jr.

[2]   This does not deprive the Court of jurisdiction.  <u>See</u>, <u>e.g.</u>, <u>Leyva</u> v. <u>Williams</u>, 504 F.3d 357, 363 (3d Cir. 2007).

[3]   Before it can be raised before a federal court, a § 2254 claim must be properly presented to the appropriate state court or courts.  <u>See</u> <u>generally</u> <u>Cosma</u> v. <u>Powell</u>, 684 F. Supp. 3d 287, 290-92 (D.N.J. 2023).  This claim was.  The Petitioner pressed this claim by raising it repeatedly on direct appeal and also in his petition to the New Jersey Supreme Court.  <u>See</u> Petitioner's August 2017 Appellate Brief, Table of Contents at I; Petitioner's October 10, 2018 Appellate Brief, Table of Contents at II; Petitioner's March 21, 2019 New Jersey Supreme Court

It is difficult to know what to make of this claim. But the Petitioner is pro se, so take the claim from each of two possible angles.

One way to see the claim is as an argument from the Petitioner that he lost out on his right to an appeal.

But "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991).

The federal Constitution does not guarantee a right to appeal a criminal conviction. Jones v. Barnes, 463 U.S. 745, 751 (1983); accord United States v. Khattak, 273 F.3d 557, 561 (3d Cir. 2001); see also Abney v. United States, 431 U.S. 651, 656 (1977) ("The right of appeal . . . is purely a creature of statute[.]").

And the Court has not found any "law[], or treat[y] of the United States," Estelle, 502 U.S. at 68, that vests people convicted in a state criminal court with a federal right to appeal to another state court.[4]

Another way to see the Petitioner's claim is this: the state court's failure to consider the pre-trial motion to dismiss the indictment violated his rights under the federal Constitution's Grand Jury Clause. See Petitioner's Mem. of Law in Supp. of Petition at 8 (making this argument). The argument is that grand jury improprieties violated the Petitioner's Grand Jury Clause right to have an indictment returned only by a properly functioning grand jury, see id. at 8 n.1, and that as a result

---

Brief at 1. The claim was not reached in Kosch II, and it was rejected on the merits in Kosch III. See State v. Kosch, 454 N.J. Super. 440, 444 (App. Div. 2018) ("Kosch II"); State v. Kosch, 458 N.J. Super. 344, 356 (App. Div. 2019), cert. denied, 240 N.J. 20 ("Kosch III").

[4] The Petitioner had a right to appeal under state law. See Lackawanna Cnty. Dist. Att'y v. Coss, 532 U.S. 394, 402–03 (2001) ("[E]ach State has created mechanisms for . . . direct appeal . . . even though there is no [federal] constitutional mandate that they do so.") (cleaned up). That state-law right may or may not have been violated. But one way or another, that does not matter here. This is because "[f]ederal habeas corpus relief does not lie for errors of state law." Estelle, 502 U.S. at 67 (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990); see also Pulley v. Harris, 465 U.S. 37, 41 (1984)).

he stood trial on charges that were not criminal acts. See id. at 9.

But there is no federal constitutional right to have an indictment returned by a grand jury. See, e.g., Albright v. Oliver, 510 U.S. 266, 272 (1994); Hurtado v. California, 110 U.S. 516, 534-35 (1884); Romansky v. Superintendent Greene SCI, 933 F.3d 293, 297 (3d Cir. 2019). And the Court has not found any "law[], or treat[y] of the United States," Estelle, 502 U.S. at 68, that vests such a right.

\* \* \*

The Petitioner's second argument: his appellate counsel provided ineffective assistance in violation of the federal Sixth Amendment, for failing to appeal from the trial court's failure to rule on his pretrial motion to dismiss the indictment. See Petition at 6.

But when the Petitioner raised this claim in the post-conviction relief context, the state court denied it as procedurally barred. See December 2, 2020 Trial Court Post-Conviction Review Decision at 15-16. The Appellate Division affirmed. See State v. Kosch ("Kosch V"), 2021 WL 5895364, at \*2 (N.J. Super. Ct. App. Div. Dec. 14, 2021).

The basis of the state court decision: under New Jersey Court Rule 3:22-4, the Petitioner's ineffective assistance of appellate counsel claim should have been raised on direct appeal. See December 2, 2020 Trial Court Post-Conviction Review Decision at 11.

The application of the Rule by the state court was "adequate for the court's decision and independent of the merits of the federal claim." Ross v. Adm'r, E. Jersey State Prison, 118 F.4th 553, 565 (2024) (cleaned up). This is for reasons largely explained in Cabrera v. Barbo, 175 F.3d 307, 313-14 (3d Cir. 1999). See also Cordero v. Chetirkin, 2024 WL 49663, at \*7 (D.N.J. Jan. 4, 2024); Smith v. Nogan, 2022 WL 1320582, at \*5 (D.N.J. May 3, 2022).[5]

---

[5] In the alternative to its Rule 3:22-4 holding, the state court dismissed the Petitioner's claim on the merits. See December 2, 2020 Trial Court Post-Conviction Review Decision at 15-16. But that does not mean the Rule 3:22-4 holding is not a procedural bar. See Johnson v. Pinchak, 392 F.3d 551, 557 (3d Cir. 2004); see also Jackson v. Superintendent Somerset SCI, 713 F. App'x

3

This state-law "procedural bar" is one the Court must honor. Harris, 465 U.S. at 41.

To be sure, procedural default may be excused when a prisoner demonstrates "cause for the default and actual prejudice as a result of the alleged violation of federal law[.]" Coleman v. Thompson, 501 U.S. 722, 750 (1991).

But the Petitioner's "cause" argument is not persuasive. He contends that ineffective assistance of appellate counsel was the cause for his not raising an ineffective assistance of appellate counsel claim. See Reply Brief at 6. But the Petitioner's second, third, and fourth direct appeals were pressed pro se. See Kosch II, 454 N.J. Super. 440 (App. Div. 2018); Kosch III, 458 N.J. Super. 344 (App. Div. 2019), cert. denied, 240 N.J. 20; State v. Kosch ("Kosch IV") No. A-5117-18T2, 2020 WL 359674 (N.J. Super. Ct. App. Div. Jan. 22, 2020). The decision of what to raise in those appeals cannot be chalked up to a lawyer's assertedly ineffective assistance because there was no lawyer.

The "prejudice" prong, Coleman, 501 U.S. at 750, cannot be satisfied either. This is because the ineffective assistance of appellate counsel claim is not persuasive on the merits.

"[T]he proper standard for attorney performance is that of reasonably effective assistance." Strickland v. Washington, 466 U.S. 668, 687 (1984). And "[e]xperienced advocates have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones, 463 U.S. at 751. "[W]innowing out weaker arguments . . . is the hallmark of appellate advocacy[.]" Smith v. Murray, 477 U.S. 527, 536 (1986). "[C]ounsel decides which issues to pursue on appeal . . . and there is no duty to raise every possible claim." Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996).

Here, the Petitioner's appellate counsel engaged in thoughtful winnowing. His appeal was fairly successful, though not entirely --- the appeal ended in a remand on three counts of conviction, which led to ultimate dismissal of those charges. See State v. Kosch, 444 N.J. Super. 368, 392 (App. Div. Mar. 1, 2016)("Kosch I"); see also Kosch III, 458 N.J. at 347 (noting the State voluntarily dismissed the three immovable property counts).

---

68, 72 (3d Cir. 2017); Dreher v. Att'y Gen. of New Jersey, 273 F. App'x 127, 136 (3d Cir. 2008).

4

And what was left on the cutting-room floor by appellate counsel was plainly a weak claim. The trial court had already determined that the various individual instances of alleged prosecutorial misconduct before the grand jury did not deprive the Petitioner of any rights. See November 6, 2013 Transcript of Motion Hearing at 48-49. But the trial court did not rule, as it had apparently planned to, see id. at 50, on the cumulative impact of various asserted grand jury errors. This was plainly a marginal argument, and ignoring it for the obviously much stronger arguments appellate counsel zeroed in on did not slip below the standard of "reasonably effective assistance." Strickland, 466 U.S. at 687.

\*     \*     \*

For the reasons set out above, the Petition is denied.

\*     \*     \*

Under 28 U.S.C. § 2253(c), an appeal may not be taken from a final order in a 28 U.S.C. § 2254 proceeding such as this one unless a certificate of appealability issues. "[A] Petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the Petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (cleaned up); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Miller-El/Slack standard is not met as to either of the Petitioner's claims. Therefore, the Court will not issue a certificate of appealability.

IT IS on this 18th day of March, 2025, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

5