UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT KOSCH, Jr.,

       *Petitioner*,

  v.

THE ATTORNEY GENERAL OF THE
STATE OF NEW JERSEY, et al.,

       *Respondents*.

No. 22-cv-4814 (MEF)

**OPINION and ORDER**

This Court denied Petitioner's[1] petition for writ of habeas corpus under 28 U.S.C. § 2254.[2] Petitioner seeks reconsideration.[3]

Petitioner's assertion of clear error of law and fact in this Court's denial of his habeas petition[4] fails for the reasons set forth below.

\* \* \*

---

[1] Robert Kosch, Jr.

[2] Opinion and Order, Docket Entry 35.

[3] Motion for Reconsideration, Docket Entry 36.

[4] See Fed. R. Civ. P. 59(e) Motion to Alter or Amend a Judgment. "[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

Petitioner's first argument, that this Court failed to rule on his central argument of structural error,[5] misses the point.

A structural error requires a finding of a constitutional deprivation that affects "the framework within which the trial proceeds[.]" Arizona v. Fulminante, 499 U.S. 279, 310 (1991); see also Weaver v. Massachusetts, 582 U.S. 286, 294-95 (2017) ("The purpose of the structural error doctrine is to ensure insistence on certain basic, constitutional guarantees that should define the framework of any criminal trial.")

This Court found Petitioner, as a state court criminal defendant, did not have a federal constitutional right to indictment by a grand jury or a federal constitutional right to appeal.[6] "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable." Engle v. Isaac, 456 U.S. 107, 121 n. 19 (1982). Moreover, "errors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997).

*   *   *

Petitioner's second argument, that this Court factually erred in determining he could have raised his trial court error claim on direct appeal,[7] also fails.

Simply put, Petitioner had more than one direct appeal as the result of a remand on his first direct appeal. Petitioner, in his subsequent appeals, raised the claim his appellate counsel had failed to raise in his first direct appeal.

No prejudice could result from appellate counsel's failure to raise a claim that Petitioner later raised in a subsequent direct appeal. Especially where, as here, the claim was denied on the merits.

*   *   *

For the reasons set out above, Petitioner's motion for reconsideration is denied. There is no basis for the Court to

---

[5] Motion for Reconsideration at 4.

[6] Opinion and Order at 2-3.

[7] Motion for Reconsideration at 4-5.

issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).[8]

IT IS on this 30th day of April, 2025, so **ORDERED**.

                                          Michael E. Farbiarz, U.S.D.J.

---

[8] For a certificate of appealability to issue, "a Petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the Petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (cleaned up); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000).